**HUNTON ANDREWS KURTH LLP**
Susan Smith (SBN 224894)
ssmith@HuntonAK.com
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701
Telephone: 202 • 955 • 1500
Facsimile: 202 • 778 • 2201

Alexandrea H. Young (SBN 233950)
ayoung@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

Attorneys for Defendant
STEVEN MADDEN, LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DISTRICT

| | |
|---|---|
| DECKERS OUTDOOR CORPORTION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN MADDEN, LTD., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-03670-FMO-JEM<br><br>Honorable Fernando M. Olguin<br><br>**ANSWER OF DEFENDANT STEVEN MADDEN, LTD.**<br><br>Complaint Filed: April 21, 2020 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ANSWER

Defendant, Steven Madden, Ltd., by and through counsel, hereby answers the Complaint filed by Plaintiff, Deckers Outdoor Corporation, as follows, with each numbered paragraph below corresponding to the similarly numbered paragraph in the Complaint.  Unless expressly admitted, all allegations in the Complaint are denied.

## JURISDICTION AND VENUE

1.    The paragraph contains only argument, to which no response is required. Defendant separately notes that Plaintiff improperly refers to the actions of "Defendants," which Plaintiff defined as Steven Madden, Ltd. and as many as ten unidentifiable parties, thereby rendering certain statements made in this paragraph imprecise and hopelessly vague.

2.    The paragraph contains only argument, to which no response is required.

3.    The paragraph contains only argument, to which no response is required. Defendant separately notes that Plaintiff improperly refers to the conduct of "Defendants," which Plaintiff defined as Steven Madden, Ltd. and as many as ten unidentifiable parties, thereby rendering certain statements made in this paragraph imprecise and hopelessly vague.

4.    The paragraph contains only legal argument, to which no response is required.

## THE PARTIES

5.    Defendant lacks sufficient information to admit or deny the allegations in the paragraph, and therefore denies same.

6.    Admitted.

7.    Plaintiff fails to make individualized factual allegations concerning the "Doe" defendants sufficient to permit Defendant to ascertain their identities, and instead refers to them as an indistinguishable and unidentifiable group, which is improper.  *See Rhue v. Signet Domain LLC*, 2015 WL 4111701, *5 (C.D. Cal.

1

1  2015).   Defendant thus lacks sufficient information to admit or deny the
2  allegations in the paragraph, and therefore denies same.

3  **<u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>**

4  8.   Defendant lacks sufficient information to admit or deny the allegations in the
5  paragraph, and therefore denies same.   Defendant notes that the factual
6  allegations of the paragraph are irrelevant because none of the "distinctive"
7  brands allegedly owned by Plaintiff (*e.g.*, "UGG") are accused of having been
8  infringed by Defendant.

9  9-11.   Defendant lacks sufficient information to admit or deny the allegations in these
10  paragraphs, and therefore denies same.   And again, this case does not concern the
11  "UGG" brand.

12  12.   Defendant denies that any product it sells infringes any rights Plaintiff claims to
13  own.

14  13.   Although Defendant admits it sells footwear products, it does not sell any
15  footwear products that infringe Plaintiff's alleged trade dress or patent rights.
16  Therefore, as defined by Plaintiff (in Para. 12), Defendant does not sell any
17  "Accused Products."

18  14.   Defendant admits that it is not licensed by Plaintiff to sell any footwear design,
19  but denies the implication that any such "permission" would be required.

20  15.   Defendant lacks sufficient information to admit or deny the allegations in the
21  paragraph, and therefore denies same. As defined by Plaintiff (in Para. 12),
22  Defendant does not sell any "Accused Products."   Furthermore, although the
23  product shown in the photo appears similar to one Defendant sells, Defendant
24  would need to inspect the product to be sure.

25  16.   Denied.

26

27

28

2

ANSWER OF DEFENDANT STEVEN MADDEN, LTD**.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **FIRST CLAIM FOR RELIEF**

## **(Trade Dress Infringement - 15 U.S.C. §1125(a))**

17.   Defendant restates and incorporates its previous responses to Paragraphs 1-16 above.

18.   Defendant lacks sufficient information to admit or deny the allegations in the first sentence of this paragraph, and therefore denies same.  As to the allegations in the second sentence, Defendant first notes that the trade dress for a product design (such as for Plaintiff's asserted "slide") can never be "inherently distinctive." *Wal-Mart Stores, Inc. v Samara Bros.*, 529 U.S. 205, 212 (2000).  Defendant also observes that Plaintiff has not clearly articulated and defined the elements of the trade dress in which it supposedly claims rights, *cf., e.g., Homeland Housewares, LLC v. Euro-Pro Operating LLC*, 2014 WL 6892141, *3 (C.D. Cal. 2014)), and instead merely lists the basic elements of a "furry slipper" [Elements (b) – (e)] plus a non-descript, functional strap [Element (f)] and a statement that amounts to pure puffery [Element (a)], which is legally insufficient.  *Cf. Deckers Outdoor Corporation v. Fortune Dynamic, Inc.*, 2015 WL 12731929, * 3 (C.D. Cal. 2015) (finding a statement such as that found in Element (a) "too general" to give fair notice of the scope of the alleged trade dress).  Finally, Plaintiff's claim that each of the listed elements (a) through (f) is supposedly "non-functional" (*e.g.*, an "open toe", an "elastic heel strap") is denied.

19.   As Plaintiff's recitation (in Para. 18) of the supposed "features" of its asserted trade dress are "too general" to give fair notice of the scope of the claim, *see Deckers Outdoor*, 2015 WL 12731929, at *3, Defendant lacks sufficient information to admit or deny the allegations of the paragraph, and therefore denies same.  Further, to the extent Plaintiff maintains that the photographs shown in the paragraph exemplify the "appearance as a whole" of its trade dress, that merely underscores the disconnect between Plaintiff's allegations and reality

3

because the most salient feature of each of the products is a "<u>Segmented</u> Vamp," as illustrated below:



20. As Plaintiff's definition of its asserted trade dress is too general to give fair notice of the scope of the claim, Defendant lacks sufficient information to admit or deny the allegations of the paragraph, and therefore denies same.  Moreover, each sentence in the paragraph contains only argument, to which no response is required.

21. As Plaintiff's definition of its asserted trade dress is too general to give fair notice of the scope of the claim, Defendant lacks sufficient information to admit or deny the allegations of the paragraph, and therefore denies same.  Further, to the extent Plaintiff suggests that products like those depicted in Para. 19 represent "the embodiment" of the asserted trade dress, Plaintiff confirms that its recitation of the supposed trade dress "features" (in Para. 18) does not fully define the elements of its trade dress as it ignores the "Segmented Vamp."

22. As Plaintiff's definition of its asserted trade dress is too general to give fair notice of the scope of the claim, Defendant lacks sufficient information to admit or deny the allegations of the paragraph, and therefore denies same.  Furthermore, it is improper for Plaintiff to rely on allegations concerning the design of a product that includes an element (the "Segmented Vamp") that Plaintiff has purposefully

4

1    excluded from its recitation in Para. 18 of the supposed "elements" of the

2    product's design.

3    23.  As Plaintiff's definition of its asserted trade dress is too general to give fair notice

4    of the scope of the claim, Defendant lacks sufficient information to admit or deny

5    the allegations of the paragraph, and therefore denies same.  Defendant further

6    raises the same concerns expressed above about Plaintiff relying on a commercial

7    product featuring a "Segmented Vamp" as proof that the trade dress as defined

8    in Para. 18 (which lacks that element) has supposedly achieved consumer

9    recognition or otherwise acquired distinctiveness.

10   24.  Defendant admits only that it sells footwear in competition with numerous

11   parties.  The remaining allegations of the paragraph are denied.  Furthermore,

12   Defendant does not sell any "Accused Product" (as defined in Para. 12), and

13   Plaintiff does not possess (and is incapable of possessing) any goodwill in the

14   trade dress as asserted in this case.

15   25.  Denied.

16   26.  Defendant admits that it is not licensed by Plaintiff to sell any footwear design,

17   but denies the implication that any such "permission" would be required.

18   Defendant further agrees that there are many shoe designs in the footwear

19   industry, including well-known standard designs (such as "spa slippers" [below])

20   in which Plaintiff appears to be claiming rights:



5

ANSWER OF DEFENDANT STEVEN MADDEN, LTD.

After all, the above design could be described by some as a platform slide (Element (b)) with a "furry" footbed and sides (Element (c)), a "wide vamp" with a "furry exterior" (Element (d)), and an "open toe" (Element (e)).  The only elements it lacks (other than Plaintiff's vague claim to a "statement shoe made famous by the UGG brand") is the obviously-functional "elastic heel strap" for keeping the slide on the wearer's heel.

27.   Denied.

28.   Denied.

29.   Denied.

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement – California Common Law)

30.   Defendant restates and incorporates its previous responses to Paragraphs 1-29 above.

31.   Denied.

32.   Denied.

33.   Denied.

34.   Denied.

35.   Denied.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition – Cal. Bus. & Prof. Code, § 17200 *et seq.*)

36.   Defendant restates and incorporates its previous responses to Paragraphs 1-35 above.

37.   Denied.

38.   Denied.

39.   Denied.

ANSWER OF DEFENDANT STEVEN MADDEN, LTD.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition – California Law)

40.  Defendant restates and incorporates its previous responses to Paragraphs 1-39 above.

41.  Denied.

42.  Denied.

43.  Denied.

44.  Denied.

45.  Denied.

## FOURTH CLAIM FOR RELIEF

### (Patent Infringement – U.S. Pat. No. D866,941)

46.  Defendant restates and incorporates its previous responses to Paragraphs 1-45 above.

47.  Defendant admits only that a copy of a document purporting to be a copy of U.S. Pat. No. D866,941 was appended as Exhibit A.  Defendant notes that the Asserted Patent clearly shows that the "Segmented Vamp" (which Plaintiff conveniently leaves out of its recitation of the asserted trade dress) is the most salient element of the design:



FIG. 1                              FIG. 2

Defendant lacks sufficient information to admit or deny the remaining allegations in these paragraphs, and therefore denies same.

ANSWER OF DEFENDANT STEVEN MADDEN, LTD.

CASE NO. 2:20-cv-03670-FMO-JEM

48. Defendant lacks sufficient information to admit or deny the allegations in these paragraphs, and therefore denies same.

49. Denied.

50. Defendant admits that it is not licensed by Plaintiff to sell any footwear design, but denies the implication that any such "permission" would be required. The remaining allegations in this paragraph are denied.

51. Denied.

52. Denied.

53. Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the requested relief and also denies that such requested relief could properly be granted to Plaintiff.

## REQUEST FOR ATTORNEYS' FEES – TRADE DRESS

Pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117(a)), Defendant respectfully requests that it be awarded its reasonable attorneys' fees for having to defend against this meritless trade dress action. No reasonable trier of fact could find that Plaintiff possesses any trade dress rights relating to "Fluff Yeah Slides" without considering the "Segmented Vamp" feature, which Plaintiff deliberately failed to include in its definition of its alleged trade dress (in Para. 12). Furthermore, *even if* one were to find that Plaintiff had rights in the <u>actual design</u> represented by its commercial product (rather than in Plaintiff's truncated definition), it is undeniable that Defendant does not sell any product that includes the key "Segmented Vamp" feature.

Plaintiff's attempt to broaden out its claim of right in an unregistered trade dress to snare products (such as those sold by Defendant) that lack the only feature that could *possibly* distinguish Plaintiff's commercial goods from hundreds of other "furry slippers" that have been sold for years is improper and makes this case "exceptional" as required by Section 35. Without the "Segmented Vamp" in its trade dress claim,

ANSWER OF DEFENDANT STEVEN MADDEN, LTD.

CASE NO. 2:20-cv-03670-FMO-JEM

1  Plaintiff cannot hope to establish any rights, and if the "Segmented Vamp" is included
2  in Plaintiff's recitation (as it should be), there can be no infringement.

3  **REQUEST FOR ATTORNEYS' FEES – PATENT INFRINGEMENT**

4  Pursuant to Section 285 of Title 35 (35 U.S.C. § 285), Defendant respectfully
5  requests that it be awarded its reasonable attorneys' fees for having to defend against
6  this meritless patent infringement action.  The most salient feature claimed in the
7  Asserted Patent is the "Segmented Vamp."  Indeed, the only other "features" claimed
8  are either purely functional (a "heel strap") and as such disregarded in the claim
9  construction process, *see, e.g., Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293-
10  94 (Fed. Cir. 2010), or are common elements (a textured base) found in any number of
11  footwear products, including those qualifying as "prior art."

12  As it is undeniable that Defendant does not sell any product that includes the key
13  "Segmented Vamp" feature, no reasonable trier of fact could find infringement of the
14  Asserted Patent.  Plaintiff's attempt to broaden its patent claim in an effort to stifle
15  competition, while simultaneously knowing that none of Defendant's goods use the
16  only arguably patentable element disclosed in the Asserted Patent, makes this case
17  "exceptional" as required by Section 285.

18  **REQUEST FOR FURTHER RELIEF**

19  In addition to the relief requested above, Defendant respectfully requests that it
20  be awarded such further equitable and other relief as the Court may consider
21  appropriate.

22  Respectfully Submitted,

24  Dated:  June 22, 2020          **HUNTON ANDREWS KURTH LLP**

25  By:  /s/ Susan Smith
26  Susan Smith
   Attorneys for Defendant
27  STEVEN MADDEN, LTD.

9