Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>STEVEN MADDEN, LTD, a Delaware Corporation; and DOES 1-10, inclusive,<br><br>          Defendants. | CASE NO. 2:20-cv-03670-FMO-JEM<br><br>**JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE**<br><br><u>Scheduling Conference:</u><br><br>Date:         Thursday, September 3, 2020<br>Time:        10:00 a.m.<br>Courtroom:  6D – First Street Courthouse<br><br>**Hon. Fernando M. Olguin** |

   Plaintiff Deckers Outdoor Corporation ("Deckers") and Defendant Steven Madden, Ltd. ("Steven Madden"), through their counsel of record, hereby submit this Joint Report of their conference pursuant to Rule 26(f) and the Court's Order Setting Scheduling Conference entered in this action [Dkt. 15].  "The Parties" shall refer collectively to Deckers and Steven Madden.

   The positions set forth in this Joint Report are based on counsels' current understanding of the legal and factual issues involved in the case.  The Parties acknowledge that as discovery proceeds and the case progresses, the beliefs and views set forth herein may change or evolve.

A.  **STATEMENT OF THE CASE**

On April 21, 2020, Deckers filed the present action against Steven Madden alleging claims of: (1) Trade Dress Infringement under the Lanham Act with regard to Deckers' "Fluff Yeah Slide" Trade Dress; (2) Trade Dress Infringement under California Common Law; (3) Unfair Competition under Cal. Bus. & Prof. Code § 17200, et seq.; (4) Unfair Competition under California Common Law and (5) Patent Infringement of U.S. Patent No. D866,941, Deckers' design patent covering an ornamental design corresponding to Deckers' Fluff Yeah Slide.

Steven Madden filed an Answer on June 22, 2020. Steven Madden has no counterclaims or asserted affirmative defenses, though it does request attorneys' fees both under the Lanham Act and 35 U.S.C. §285. Steven Madden denies Deckers' allegations in their entirety – it does not sell any footwear products that infringe on Deckers' alleged trade dress or patent rights. Trade dress for a product design can never be "inherently distinctive," and Deckers failed to clearly articulate and define the elements of trade dress in which it supposedly claims rights. Deckers' description is too general to give fair notice of the scope of the claim, and Steven Madden did not sell any product that includes the key "Segmented Vamp" feature – which Deckers deliberately failed to include in its definition of its alleged trade dress.

B.  **SUBJECT MATTER JURISDICTION**

This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

C.  **LEGAL ISSUES**

1. Whether or not the alleged "Fluff Yeah Slide" Trade Dress is a valid and protectable trade dress under the Lanham Act;

2. Whether or not the alleged D866,941 Patent ("the '941 Patent") is a valid and protectable patent under U.S. Patent Laws;

3. Whether or not Steven Madden is liable for trade dress infringement;

4. Whether or not Steven Madden is liable for patent infringement;

5. Whether or not Steven Madden acted knowingly, intentionally, and/or willfully in connection with the alleged infringement;

6. Damages to which Deckers is entitled in the event Steven Madden is found to be liable for the claims alleged; and

7. Whether Steven Madden should be awarded attorneys' fees under the Lanham Act and 35 U.S.C. §285 in view of Deckers' meritless claims.

**D.      PARTIES, EVIDENCE, ETC.**

The Parties are (i) Plaintiff Deckers Outdoor Corporation and (ii) Defendant Steven Madden, Ltd.  Steven Madden has previously filed the required corporate disclosure statements in this action [Dkt. 13 & 14], which notes that BlackRock, Inc. own 10% or more of Steven Madden stock.  Further, a list of the U.S. subsidiaries and affiliates of Steven Madden is attached hereto as **Exhibit A**.

The Parties are not yet in a position to identify the percipient witnesses and key documents on the main issues in the case.

**E.     INSURANCE**

The Parties are not aware at this time of any insurance coverage that would be relevant to this action.

**F.     MAGISTRATE JUDGE**

The Parties do not wish to have a Magistrate Judge preside over this action.

**G.     DISCOVERY**

  1.   *Initial Disclosures*

The Parties have agreed that they will each serve one another with their initial disclosures under Rule 26(a) on or before **September 4, 2020.**

  2.   *Written Discovery*

The Parties plan to serve Requests for Production, Special Interrogatories, and/or Requests for Admission pursuant to the Federal Rules of Civil Procedure.  The Parties will begin written discovery soon after the parties Rule 26(f) Conference and may serve additional requests throughout the course of discovery.  Any motions

challenging the adequacy of discovery responses shall be filed timely, served and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.

### 3. *Depositions*

Deckers plans to take depositions of the other party pursuant to FRCP 30(b)(6) and other witnesses with relevant information, identities of whom are not yet known. Steven Madden is not certain that any depositions, by either party, are warranted in this case. Any depositions shall take place in advance of the discovery cut-off date after initial written discovery is conducted.

### 4. *Non-Expert Discovery Cut-Off*

The Parties propose **December 18, 2020** to be the discovery cut-off date for non-expert discovery in the action, including hearing all non-expert discovery motions. The Parties agree that discovery need not be bifurcated or conducted in phases.

### 5. *Expert Discovery*

The Parties agree that expert discovery and disclosures shall be governed by Rule 26(a)(2). The Parties shall make expert disclosures in accordance with the below schedule:

Initial Expert Disclosures Due:        **January 29, 2021**

Rebuttal Expert Disclosures Due:        **February 26, 2021**

The Parties propose **March 31, 2021** to be the cut-off date for expert discovery in the action, including hearing all expert-related discovery motions.

### 6. *Protective Order*

To the extent documents or information sought from any Party is confidential, proprietary, a trade secret or contain private personal information of third persons or entities that may be subject to legal protections, the Parties will (a) further discuss the production of such documents or information, and (b) enter into a suitable stipulated Protective Order for protection of such documents or information.

### 7. *Discovery Procedures*

The Parties will work together to minimize discovery disputes. In addition, the Parties have agreed to service of non-ECF filed documents via e-mail, with response dates extended by three (3) days per FRCP 6.[1] The agreement on e-mail service provides an alternative acceptable form of service in addition to the other traditional forms of service (*e.g.*, mail, hand delivery, overnight) that are provided for under the Rules. Should any e-mail have voluminous attachments, the Parties have agreed to either (a) divide the attachments into separate emails, (b) utilize a file-sharing protocol such as an FTP link or (c) serve using one of the other traditional forms of service (and if so, any extension to a response would be as set out in the Rules for that method of service), to try to ensure full and timely delivery.

### 8. *Electronically Stored Information ("ESI")*

The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) should be applied to the preservation, collection, search, review, and production of ESI. The Parties agree to discuss the format of the production of ESI, and agree that the following types of files should be produced in native format unless redacted:

- Microsoft Excel (.XLS*)
- Microsoft Access (.MDB)
- CSV
- Multi-Media (e.g., .MP3, .WAV, etc.)
- Microsoft Project (.MPP)

If particular documents warrant a different format, the Parties will cooperate to arrange for the mutually acceptable production of such documents. The Parties agree not to degrade the searchability of documents as part of the document production process.

---

[1] Any document filed via ECF will be served via ECF per the usual practice.

**H. MOTIONS**

At this time, the Parties do not anticipate filing motions seeking to add other parties or claims, file amended pleadings or to transfer venue.

**I. CLASS CERTIFICATION**

This is not a class action.

**J. DISPOSITIVE MOTIONS**

The Parties may make motions for summary judgment/adjudication and propose that **April 30, 2021** is the cut-off date for filing any such motions.

**K. SETTLEMENT/ADR**

The Parties have engaged in initial settlement discussions, but have not reached a resolution. The Parties have agreed to utilize the **Court Mediation Panel** as their ADR selection pursuant to the Notice to the Parties of Court-Directed ADR Program in this action [Dkt. 7], and propose to complete that mediation on or by **June 11, 2021**. The Parties are concurrently filing the ADR Procedure Selection form pursuant to Local Rule 16-15.2.

**L. PRETRIAL CONFERENCE AND TRIAL**

Plaintiff has requested a **jury trial**, which the Parties anticipate will take approximately **3-5 court days**.

Proposed Pre-Trial Conference Date:   **July 30, 2021**

Proposed Trial Date:   **August 9, 2021**

Based on the information currently available to the Parties, Deckers anticipates calling no more than 10 witnesses at trial, and Steven Madden anticipates calling no more than 10 witnesses at trial.

**M. TRIAL COUNSEL**

Trial Counsel for Deckers: Brent H. Blakely, Esq.

Trial Counsel for Steven Madden: Susan Smith, Esq.

**N.  INDEPENDENT EXPERT OR MASTER**

The Parties agree that they do not think this case requires the Court to appoint a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**O.  OTHER ISSUES**

None to note at this time.

DATED: August 19, 2020                BLAKELY LAW GROUP

                                      By:  /s/ *Brent H. Blakely*
                                           Brent H. Blakely
                                           ***Attorneys for Plaintiff***
                                           ***Deckers Outdoor Corporation***

DATED: August 19, 2020                HUNTON ANDREWS KURTH LLP

                                      By:  /s/ *Susan A. Smith*
                                           Susan A. Smith
                                           ***Attorneys for Defendant***
                                           ***Steven Madden, Ltd.***

# EXHIBIT A

U.S. Subsidiaries and Affiliates of Defendant Steven Madden, Ltd.

- Cejon Accessories Inc.
- Schwartz & Benjamin Inc.
- Daniel M. Friedman & Associates Inc.
- Diva Acquisition Corp
- Madlove, LLC
- SML Industries LLC
- Maddman Productions LLC
- BJ Acquisition LLC
- B. B. Dakota, Inc.
- BA Brand Holdings LLC
- SML Industries, LLC
- Feel So Good Entertainment LLC
- The Topline Corporation
- Report Footwear Inc.
- DV Retail Inc.
- Dolce Vita Holdings Inc.
- SMI, LLC
- Steven Madden Retail, Inc.
- Dolce Vita Footwear Inc.
- Adesso-Madden, Inc.
- Greats Brand Inc.
- BA Brand Management LLC
- BA Brand Holdings LLC