Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Mark S. Zhai (SBN 287988)
mzhai@blakelylawgroup.com
Colby A. Meagle (SBN 328594)
cmeagle@blakelylawgroup.com
**BLAKELY LAW GROUP**
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN MADDEN, LTD., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 2:20-cv-03670-FMO-JEM<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF RELATED CASES [DKT. NO. 21] OPPOSING CONSOLIDATION**<br><br>**Hon. Fernando M. Olguin** |

Pursuant to Local Rule 83-1.3.3, Plaintiff Deckers Outdoor Corporation ("Plaintiff" or "Deckers"), by and through its counsel of record, submits this Response in Opposition to the Notice of Related Cases (the "Notice") filed by Defendant Steven Madden, Ltd. ("Defendant" or "Steven Madden"), setting forth the reasons that the eight (8) civil cases identified in the Notice do not qualify as a related case to this action, and states as follows:

## I.     INTRODUCTION

On November 11, 2020, Defendant filed the Notice (Dkt. No. 21) identifying eight (8) other civil cases pending in this District as purportedly being "related cases" to this action, relisted in the table below:

| Defendant(s) | Case No. | Date Filed |
|---|---|---|
| Steve Madden LTD | 2:20-cv-03670-FMO-JEM | 4/21/20 |
| Shoetopia, Inc.; Forever Link Int'l, Inc. | 2:20-cv-07575-FMO-PD | 8/20/20 |
| Lorlie Investment Group Corp.; Yoki Fashion Int'l LLC | 2:20-cv-07566-JFW-JEM | 8/20/20 |
| Fashion Nova, Inc.; J.P. Original Corp. | 2:20-cv-08632-SVW-SK | 8/20/20 |
| Public Desire Limited (UK) | 2:20-cv-07573-FMO-GJS | 8/20/20 |
| Lola & Soto Business Group, Inc.; Top Guy Int'l Trading LLC | 2:20-cv-07569-SVW-MRW | 8/20/20 |
| Fashion Marketing and Merchandising Group, Inc. | 2:20-cv-08635-SVW-SK | 9/21/20 |
| Legend Footwear, Inc.; UrbanOG, Inc.; Shiekh Shoes, LLC | 2:20-cv-08632-SVW-SK | 9/21/20 |
| Walmart Stores, Inc. | 2:20-cv-09521-JAK-E | 10/16/20 |

## II. NONE OF THE EIGHT CASES QUALIFY AS "RELATED"

Contrary to Steve Madden's Notice, none of these eight cases: (a) arise from the same or a closely related transaction, happening, or event; (b) call for the determination of the same, or substantially related, or similar questions of law and fact; and (c) ***most importantly***, consolidation would serve only to waste judicial resources, considering that Plaintiff has already reached settlements in several cases.  Indeed, this Court has dismissed two defendants in other cases—*Deckers v. Shoetopia, Inc.* (2:20-cv-07575-FMO-PD) and *Deckers v. Lucy Avenue, Inc.* (2:20-cv-04385-FMO-AFM).[1] Accordingly, Plaintiff respectfully requests that the Court allow it to continue resolving

---

[1] *Deckers v. Lucy Avenue, Inc.* is not listed in the table above because this Court already dismissed the action in its entirety with prejudice on October 13, 2020.

2
**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF RELATED CASES [DKT. NO. 21] OPPOSING CONSOLIDATION**

cases, and any future cases filed in connection with the same intellectual property, quickly and without unnecessary burdening this Court's resources.

### A. None of the Cases Arise from the Same or a Closely Related Transaction, Happening, or Event

On April 21, 2020, Plaintiff filed its Complaint in this case asserting causes of action against Steve Madden for infringement of Deckers' Fluff Yeah Trade Dress and unfair competition under the Lanham Act, infringement of U.S. Pat. No. D866,941 ("the '941 Patent"), as well as similar claims under the statutory and common law of California. (Dkt. No. 1.) All these claims arise from Defendant's sale of Steve Madden brand "Fuzz" sandals.

**Deckers' Authentic Fluff Yeah**   **Madden's copy**




None of the other cases involve or relate in any way to the Steve Madden brand "Fuzz" sandals. There are no overlapping defendants between any case, and the claims in each case arise from entirely different transactions, happenings, or events. See e.g., *Olaplex, LLC v. Groupon, Inc.*, 2019 U.S. Dist. LEXIS 231553 *3 (CD. Cal. April 19, 2019)("Even where claims are identical, distinct underlying facts may give rise to different defenses and legal issues, which would weigh against consolidation."); see also *Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 465 (S.D.N.Y. 1977) ("[T]he mere fact that two cases assert similar theories of recovery does not constitute a common question of law so as to warrant consolidation.").

Deckers, which is in Goleta California, is one of the most successful footwear brands in the United States. As a result, Deckers' popular and highly sought-after

products, from the famous UGG boots to its' Sanuk sandals, are continuously being knocked-off by unscrupulous opportunists. Indeed, Deckers has litigated over 100 lawsuits in the Central District of California in connection with the infringement of its' UGG boots. Deckers' Fluff Yeah slides are no different. Since being introduced in 2018, the highly successful Fluff Yeah slides have been copied by numerous infringers, including but not limited to Steven Madden Ltd..

Like Nike, Louis Vuitton, Ralph Lauren, and numerous other brands actively combatting infringement, Deckers has and will continue to file actions across the country to protect its' intellectual property. Just because many Nike cases involve the iconic Nike Swoosh, many Ralph Lauren cases will involve the famous Polo player, or in the case of Deckers involve the 941' Patent and Fluff Yeah Trade Dress, does not mean that the cases are related. Indeed, the facts and circumstances surrounding each of these cases are dramatically different. There is no cross-over between the transaction, happenings or events of the infringement actions in this District involving the Deckers' Fluff Yeah slider.

### B. There Exists at Most Only One Possible Similar Question of Law

Again, the only relevant[2] similar question of law or fact between the cases that the Notice identifies is the asserted '941 Patent and Fluff Yeah Trade Dress. Fed. R. Civ. P. 42(a) (a court may, in its discretion, consolidate cases that "involve a common question of law or fact"). However, as the Notice acknowledged, under the Leahy-Smith America Invents Act, "accused infringers **may not be joined** in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, ***based solely on allegations that they each have infringed the patent*** or patents in suit." 35 U.S.C. §299(b) (emphasis added). As this Court has held, "the fact that the two

---

[2] Similar complaints and the fact Plaintiff is represented by the same counsel in each case have no bearing on whether cases are related and whether such cases should be consolidated.

actions allege the infringement of the same [patents]/trademarks in similar ways does not warrant consolidation." *Olaplex* at *5; see also *Adobe Sys. Inc. v. A&S Elecs., Inc.*, 2016 U.S. Dist. LEXIS 188010 (N.D. Cal. Oct. 13, 2016) ("Here, there is minor overlap between the parties, but the two actions lack commonality in terms of the defendant actors and the underlying transactions. While both cases generally involve claims regarding the unauthorized sale of Adobe software, each involves different software products which appear to have been sold at different times."); *Klauber Bros., Inc. v. Forever 21 Retail, Inc.*, 2015 U.S. Dist. LEXIS 186924 (C.D. Cal. Apr. 9, 2015) (denying motion for consolidation of separate copyright actions in part because "each case deals with the sales of distinct garments to and by different retailers"). While each case may involve *some* similar issues related to the '941 Patent and Trade Dress, any similarities are far outweighed by the fact that each case involves different products, different defendants, different levels of willfulness, different defenses, and necessarily require a separate infringement analysis.

### C. Consolidation Would Not Promote Judicial Economy, But Rather Only Cause Delay, Confusion, and Prejudice

The different defendants, claims, and factual bases in each case would not help conserve judicial resources, but only cause delay, confusion, and prejudice – which is likely what Defendant intends. *See, e.g., Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) ("In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice."). As discussed above, Deckers has already litigated over 100 cases in this District involving its' famous UGG boot, with as many as twenty cases proceeding at the same time:




Despite not having been related and/or consolidated, all except one of these cases were expeditiously and efficiently resolved well before trial, many prior to an answer being filed.[3]

The cases involving the Fluff Yeah are no different. Plaintiff has already reached settlements in two cases and dismissed Shoetopia, Inc. and Lorlie Investment Group Corp., and is ***actively working on potential resolution in every other case except for Steve Madden***. Unlike all other defendants who have engaged in good faith settlement discussions with Plaintiff, Steve Madden filed the Notice to burden Plaintiff with unnecessary costs and delays through consolidation.

The Complaint in this case was filed in April 2020. The other ongoing cases in this District were filed between August and October, and it is a near certainty that Deckers will continue to file cases in this District involving the popular Fluff Yeah slider so long as infringers continue to take a free-ride on Deckers' intellectual property. Under Madden's reasoning, this Court would not only have to reset the scheduling orders for the cases already underway in this District, but would have to reset this schedule every time Deckers files a new case involving the Fluff Yeah slider – an absurd result that would lead to the constant delay of this case, while at the same time interfering with the expedient resolution of the other cases, both present and future.

///
///
///

---

[3] Some of these cases were before this Court. For example, in *Deckers v. H and M*, 17-cv-00103 FMO, the complaint was filed on January 5, 2017. Prior to any answer being filed, the parties settled on April 19, 2017. Likewise, in *Deckers v. Shiekh Shoes*, 14-cv-09129 FMO, a complaint was filed on November 25, 2014, the case settled on March 24, 2015 prior to an answer being filed. The only one that did go to trial resulted in a $5.2 million verdict in favor of Deckers. *Deckers Outdoor Corporation v. Romeo & Juliette, Inc.* et al. Case No. 15-cv-02812-ODW (CWx)

D.     **Madden's Improper Request to Consolidate**

In its' Notice Madden argues that "the cases should be consolidated for fact and expert discovery…"  For this to happen, Madden would first have to comply with Local Rule 7-3 and file a properly noticed motion to consolidate the cases.  It is improper for Madden to attempt to bypass the Local Rules and motion procedure by seeking consolidation in a Notice of Related Cases.

### III.   CONCLUSION

Based on the foregoing, Deckers respectfully submits that the cases in this District involving the Fluff Yeah slider are not related and that Madden's request that they be consolidated for discovery be rejected.

DATED:     November 13, 2020     **BLAKELY LAW GROUP**

By:     */s/ Brent H. Blakely*
Brent H. Blakely
Mark S. Zhai
***Attorneys for Plaintiff***
***Deckers Outdoor Corporation***